# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

COREY WARD,             )
                              )
        Petitioner,     )
                              )
        v.            )        **Case No. 4:19CV2684 HEA**
                              )
UNITED STATES OF AMERICA,   )
                              )
        Respondent.   )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant Corey Ward's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 1]. The United States of America has responded to the Motion pursuant to the Court's Show Cause Order. For the reasons set forth below, the Motion will be denied.

## Factual Background

The factual background is set forth in the record, the Guilty Plea Agreement, and the United States of America's Response.

## Procedural Background

Movant was charged on September 20, 2017 by a federal grand jury for one count of possessing a firearm after having been convicted previously of a felony crime punishable by a term of imprisonment exceeding one year, in violation of 18 US.C. § 922(g)(1).

On August 15, 2018, Movant pled guilty to Count One of the Indictment,

pursuant to the Guilty Plea Agreement with the United States, which charged:

## COUNT ONE

The Grand Jury charges that:

On or about July 2, 2017, in the City of St. Louis, within the Eastern
District of Missouri,

### COREY WARD,

the Defendant herein, having been convicted previously in a court of law of
one or more crimes punishable by a term of imprisonment exceeding one
year, did knowingly and intentionally possess a firearm which previously
traveled in interstate or foreign commerce during or prior to being in the
Defendant's possession.

In violation of Title 18, United States Code, Section 922(g)(1).

Pursuant to the Guilty Plea Agreement, Movant agreed to plead guilty to

Count One of the Indictment in exchange for the United States' agreement "that no

further federal prosecution would be brought in this District relative to [Movant's]

violation of federal law, known to the United States at this time, arising out of the

events set forth in the indictment." The parties further agreed to make a joint

recommendation for a sentence of forty-six (46) months.

Movant also agreed to waive "all rights to appeal all sentencing issues

other than Criminal History" if the Court "…after determining a Sentencing

Guidelines range, sentences the Defendant within or below that range[.]" Movant

agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel."

In addition, Movant agreed, on the record and while under oath, that he was "fully satisfied with the representation received from defense counsel;" had "reviewed the government's evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel;" and defense counsel had "completely and satisfactorily explored all areas which [he] had requested relative to the United States' case and any defenses." Movant acknowledged having voluntarily entered into both the plea agreement and the guilty plea, and that his guilty plea was made of his own free will.

On January 10, 2019, Movant was sentenced. Movant's attorney told the Court that he and Movant had an opportunity to read the Final Presentence Investigation Report (PSR) and that they had no objections to the PSR. As a result, the Court accepted the PSR in its entirety and determined a guidelines imprisonment range of 57 to 71 months. Consistent with the parties' joint recommendation, the Court sentenced Movant to a term of imprisonment for 46 months to be followed by a period of two years of supervised release.

Movant did not appeal his conviction or sentence.

**Claims for Relief**

Movant raises three grounds for post-conviction relief. First, his attorney was ineffective for not moving to dismiss the indictment because the indictment did not contain all of the elements of the offense. Second, his plea was not knowingly and intelligently made because Movant did not admit to all of the elements of 18 U.S.C. § 922(g)(1). Third, his attorney was ineffective for not challenging the "any court" and "knowingly" language of § 922(g)(1) as ambiguous, which permitted the United States' to use Movant's state convictions against him.

**Legal Standards**

Relief Under 28 U.S.C. §2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Federal habeas relief is limited to rectifying "jurisdictional errors, constitutional errors, and errors of law." *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019). Errors of law, moreover, only constitute grounds for relief under § 2255 when such error

4

"constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation omitted). Movant bears the burden to prove he is entitled to relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019).

Ineffective Assistance of Counsel

"The standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.E.2d 674 (1984), provides the framework for evaluating [Movant's] ineffective-assistance-of-counsel claim." *Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014). [Movant] "must show that his counsel's performance was deficient and that [he] suffered prejudice as a result" to prove a violation of his Sixth Amendment rights. *Id.*

"Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011) (internal quotation omitted). "*Strickland* sets a 'high bar' for unreasonable assistance." *Love [v. United States]*, 949 F.3d [406], 410 [8th Cir. 2020] (quoting *Buck v. Davis*, 137 S. Ct. 759, 775 (2017)). Only a performance "outside the wide range of reasonable professional assistance" is constitutionally deficient. *Id.* (internal quotation omitted). "We make every effort to eliminate the distorting effects of hindsight and consider performance from counsel's perspective at the time." *Id.* (internal quotation omitted).

"Prejudice requires the movant to establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Bass*, 655 F.3d at 760 (quoting *Strickland*, 446 U.S. at 694).

*O'Neil v. United States*, 966 F.3d 764, 770-71 (8th Cir. 2020).

It is well-established that a petitioner's ineffective assistance of counsel

5

claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir. 2005), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is highly deferential, and the Court "presumes counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The Court does not second-guess trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (8th Cir. 2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

6

The second part of the *Strickland* test requires that Movant show that he was prejudiced by counsel's error, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Anderson,* 393 F.3d at 753-54, quoting *Strickland,* 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the Court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

<u>Right to Evidentiary Hearing</u>

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255).

Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996), quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043, citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990).

Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

### Ground One

First, Movant argues his attorney was ineffective for not moving to dismiss the Indictment because it "did not have all essential elements present and presented to grand jury, that prejudiced petitioner because he has been convicted of a non-crime. [Because] [a]ll elements of statute for federal crime not met then no crime." Movant's arguments are made presumably in light of *Rehaif v. United States*, 139 S.Ct. 2191 (2019). The opinion in *Rehaif* was issued on June 21, 2019, which was more than five months after Movant was sentenced on January 10, 2019, and more than ten months after he pleaded guilty on August 15, 2018.

8

In *Rehaif*, the Supreme Court clarified the *mens rea* requirement for firearms-possession offenses under 18 U.S.C. § 922(g). *Rehaif*, 139 S.Ct. at 220. The Supreme Court held that, in order to be convicted under 18 U.S.C. § 922(g), the United States "must prove that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id*. In the case of Movant's felon in possession charge, this means the United States had to prove that he knew at the time he possessed the firearm that he "has been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1); See also, *United States v. Caudle*, 968 F.3d 916, 922 (8th Cir. 2020). This "knowledge can be inferred from circumstantial evidence." *Rehaif,* 139 S. Ct. at 2198.

The Eighth Circuit has held that it is not ineffective assistance of counsel to fail to anticipate a change in the law that may benefit a defendant. In *Wajda v. United States*, 64 F.3d 385, 388 (8th Cir. 1995), the defendant's attorney did not object to a prior state conviction that enhanced the defendant's criminal history score by one point. Subsequent to defendant's sentencing, the Eighth Circuit held in *United States v. Johnson*, 43 F.3d 1211, 1215 (8th Cir. 1995), that the imposition of sentence under Minnesota law without an accompanying term of probation is not a sentence that may be included in determining a defendant's criminal history score. The defendant argued that his attorney was ineffective for

failing to object to the inclusion of this conviction in calculating his criminal history score. The Eighth Circuit rejected this argument, and noted that the defendant's direct appeal was completed in 1993, whereas the Court's opinion in Johnson changing the law regarding the inclusion of this type of conviction in determining a defendant's criminal history was issued in 1995. *Wajda*, 64 F.3d at 388. The Eighth Circuit explained, "Counsel could not be expected to make a *Johnson*-type argument before *Johnson* was decided; counsel's performance is not deficient by failing to predict future developments in the law. *Id.;* See also, *Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002) (rejecting argument that counsel was ineffective for not making argument based on *Apprendi v. New Jersey*, 530 U.S. 430, 490 (2000), before *Apprendi* was decided); *Anderson*, 393 F.3d at 754 (holding counsel not ineffective for not raising *Apprendi* issue, which was issued shortly before defendant's reply brief on appeal was due, because issue was "novel.").

Here, as Respondent correctly argues, there would have been no basis for Movant's attorney to move to dismiss the indictment. The law on the dates that Movant pleaded guilty and was sentenced was clearly established, which at that time was, that the United States did not have to prove that the defendant was aware of his status as a convicted felon when he was in possession of a firearm on July 2, 2017. See *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) ("If

10

counsel's failure to anticipate a change in the law will not establish that counsel performed below professional standards, then counsel's failure to anticipate a rule of law that has yet to be articulated by the governing courts surely cannot render counsel's performance professionally unreasonable."); and *Parker v. Bowersox*, 188 F.3d 923, 929 (8th Cir. 1999) (not ineffective assistance of counsel to "fail[] to anticipate a change in the law"). Therefore, Movant's claim fails under the first prong of the *Strickland* test. See *Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997) (failure to satisfy both prongs of the *Strickland* analysis is fatal to the claim).

Ground Two

Second, Movant contends that his plea was not knowingly and intelligently made because he did not admit to all of the elements of 18 U.S.C. § 922(g)(1).[1] The Court again construes Movant's arguments to be made pursuant to *Rehaif*. Movant's *Rehaif* claims are procedurally defaulted because he did not raise them on direct review, and he has made no showing of cause and actual prejudice needed to excuse the procedural default.

Generally, "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 621 (1998). However, there are two exceptions to this

---

[1] Movant also asserts "counsel allowed petitioner to plea to a crime that is not criminal" in Ground Two. This claim fails for the same reasons as Ground One fails. See *Parker,* 188 F.3d at 929 (not ineffective assistance of counsel to "fail[] to anticipate a change in the law").

rule. "In order to obtain collateral review on a procedurally defaulted claim, a habeas petitioner must show either that there was cause for his procedural default and actual prejudice, or that he is actually innocent of the crime for which he was convicted." *Jennings v. United States*, 696 F.3d 759, 764 (8th Cir. 2012).

Movant cannot show prejudice since he admitted in his plea agreement, and again at the change of plea hearing, that he had been previously convicted of a crime punishable by more than a year's imprisonment. In fact, the PSR, which Movant did not object to, specifically identified four crimes for which he was punished with a term of imprisonment exceeding one year.

To the extent Movant suggests a claim of "actual innocence,"[2] that argument does not avoid the procedural bar in this case because "actual innocence means factual innocence, not mere legal insufficiency." See *Bousley*, 523 U.S. at 621-623 (explaining that a claim that a plea was involuntary and unknowing is procedurally defaulted on collateral review if the issue was not first raised on direct appeal). "This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a conviction." *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) (cleaned up).

To be credible, actual innocence claims require:

Petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at

---

[2] Movant asserts he plead to a "crime that is not criminal."

trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."

*Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997), quoting *Schlup v. Delo*, 513 U.S. 298, 322-24 (1995).

Movant does not suggest he was actually unaware of his status as a convicted felon at the time he possessed the firearms, nor could he credibly do so. Movant admitted in the Guilty Plea Agreement and under oath during the plea colloquy that prior to the offense to which he was pleading guilty, he "was convicted of at least one felony crime punishable by imprisonment for a term exceeding one year under the laws of the State of Missouri." In addition, the uncontested criminal history section of his PSR lists that Movant was convicted of four state felony offenses. The prior felony convictions and his sentences imposed listed in the PSR were domestic assault in the second degree (seven-year suspended execution of sentence (SES)) and resisting arrest on April 20, 2009 (four-year SES), stealing in excess of $25,000 on July 1, 2011 (five years imprisonment), and burglary in the first degree on May 9, 2017 (ten-year SES). When Movant was convicted of stealing in 2011 and imprisoned to five years in the Missouri Department of Corrections (DOC), his SES was revoked on both the domestic assault and resisting arrest convictions. Movant served time in DOC custody from July 8, 2011 through July 9, 2013.

13

In light of these facts, any claim insinuated by Movant that he is actually innocent of being a felon in possession of a firearm in violation on of 18 U.S.C. § 922(g)(1) fails as there is "no doubt" that Movant, after serving two years in the DOC and receiving four felony sentences that were each more than a year, was aware of his status as a person convicted of an offense punishable by more than a year in prison. *See*, *e.g., Clay v. United States*, 833 F.App'x 663, 664 (8th Cir. 2021) (holding that the record forecloses any plausible argument that Movant did not know he was a felon because he spent "more than a year in prison on at least five separate occasions, [and] his criminal history would have undoubtedly provided sufficient evidence to prove [he] knew his status as felon at the time he committed this federal offense"); *United States v. Owens*, 966 F.3d 700, 707 (8th Cir. 2020) ("There would have been no doubt that [Movant], after serving twenty-two years in prison for murder and other felonies, was aware of his status as a person convicted of an offense punishable by more than a year in prison"); *United States v. Welch,* 951 F.3d 901, 907 (8th Cir. 2020) (finding, after *Rehaif*, it was not reasonably probable for Movant to show his substantial rights were affected because he had several felony convictions in which he previously received and served prison sentences longer than one year; and, *United States v. Hollingshed*, 940 F.3d 410, 415-16 (8th Cir. 2019) (concluding Movant knew he was a convicted felon at the time he unlawfully possessed a firearm not only because he

14

stipulated at trial that he had previously been convicted of a crime, but also because he previously served four years in prison for a drug offense, in addition to a subsequent 15 month sentence after his supervised release was revoked). As the Supreme Court recently observed when rejecting a *Rehaif* claim made on direct appeal, "demonstrating prejudice under *Rehaif* 'will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons.'" *Greer v. United States*, 141 S. Ct. 2090, 2098 (2021), quoting *United States v. Lavalais*, 960 F.3d 180, 184 (2020).

As Movant has presented no evidence that he was unaware of his status as a convicted felon at the time he possessed the firearm(s), and the overwhelming evidence of record in this case would make any such assertion patently implausible, Movant is not entitled to relief on this claim as procedurally defaulted and meritless. Therefore, Ground Two will be denied.

Ground Three

Third, Movant argues that his attorney was ineffective for not challenging the "any court" and "knowingly" language of § 922(g)(1) as ambiguous, which permitted the United States' to use Movant's state convictions against him.

The text of 18 U.S.C. § 922(g)(1) is as follows:

It shall be unlawful for any person –

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year…

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1)

The knowledge element of § 922(g)(1) is contained in 18 U.S.C. § 924(a)(2), the statute that sets forth the penalties for violating § 922(g)(1), as follows, "Whoever *knowingly* violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."

18 U.S.C. § 924(a)(2) (emphasis added).

Movant points to no authority that limits the scope of the definition of convictions for a "crime punishable by imprisonment for a term exceeding one year" to offenses under federal law. In fact, the statute specifically states the conviction is from "in any court." 18 U.S.C. § 922(g)(1). Movant's four felony convictions in the State of Missouri, discussed above, were all felony crimes punishable by imprisonment for a term exceeding one year. In addition, the Eighth Circuit has approved the use of the Missouri state offenses that Movant was previously convicted as predicate offenses for 18 U.S.C. § 922(g)(1), the federal felon in possession of a firearm statute. See, e.g., *United States v. Sykes*, 809 F.3d 435, 437 (8th Cir. 2016) (burglary in the first degree under Missouri law); *United*

16

*States v. Hennecke*, 590 F.3d 619, 620 (8th Cir. 2010) (felony stealing under

Missouri law); *United States v. Scott*, 818 F.3d 424, 435 (8th Cir. 2016) (domestic

assault in the second degree under Missouri law; *United States v. Phillips*, 817

F.3d 567, 568-69 (8th Cir. 2016) (same); *United States v. Robinson*, 826 F.3d

1044, 1045 (8th Cir. 2016) (resisting arrest by fleeing under Missouri law); *United

States v. Ellis*, 815 F.3d 419, 420 (8th Cir. 2016) (same); *United States v. Hudson*,

577 F.3d 883, 884 (8th Cir. 2009) (same).

There was clearly no basis for counsel to object to the language of §

922(g)(1) or to the use Movant's state convictions against him. If the underlying

claim (i.e., the alleged deficient performance) would have been rejected, counsel's

performance is not deficient. *Carter*, 92 F.3d at 671. Ground Three is without merit

and will be denied.

## Conclusion

Based upon the foregoing analysis, none of Movant's claims entitle him to

relief. Movant's motion will be denied in its entirety.

## Certificate of Appealability

In a § 2255 proceeding before a district judge, the final order is subject to

review on appeal by the court of appeals for the circuit in which the proceeding is

held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of

appealability, an appeal may not be taken to the court of appeals. *Id.* §

2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338, quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [Movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the Court finds that Movant has failed to make the requisite "substantial showing." *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Accordingly, a certificate of appealability will not issue.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 1] is **DENIED.**

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 22nd day of March, 2023.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE